IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELAINE I. KASSIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-1263-GBL-TCB ) |
| THE SELECT GROUP, LLC, et al., | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants The Select Group, LLC, Kimberly Barber, and Cisco Systems, Inc.'s (collectively, "Defendants") Motion to Dismiss (Dkt. No. 6). This case concerns *pro se* Plaintiff Elaine Kassin's ("Plaintiff") Complaint alleging that Defendants breached an employment contract, engaged in negligence, and engaged in fraud in connection with The Select Group recruiting Plaintiff to work on a project for Cisco.

There are three issues before the Court. The first issue is whether the Court may exercise subject matter jurisdiction, where Plaintiff's response to Defendants' Motion to Dismiss appears to challenge the appropriateness of Defendants removing this case to federal court. Because Defendants properly removed this action based upon this Court's diversity jurisdiction, the Court denies Plaintiff's request to remand this case to state court.

The second issue is whether, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should grant Defendants' Motion to Dismiss Plaintiff's breach of contract, negligence, and fraud claims. The Court grants Defendants' Motion to Dismiss because Plaintiff fails to state a plausible claim for relief with respect all the claims she asserted in the Complaint.

The third issue is whether Plaintiff's "Addendum" in response to the Motion to Dismiss,

which appears to assert additional state-law claims, should be considered. To the extent Plaintiff's Addendum asserts new causes of action that Plaintiff did not allege in the Complaint, the Court declines to consider those new legal theories in response to Defendants' Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background

The Select Group is a recruiting firm that, among other things, helps its clients staff positions with information technology ("IT") professionals. (Compl. at 1–2, Dkt. No. 1-1.) In May 2016, The Select Group contacted Plaintiff to determine whether she was interested in a project manager position for its client, Cisco. (Dkt. No. 1-5 at 7.) On or about May 18, 2016, Plaintiff signed an employment agreement with The Select Group (the "Employment Agreement"), which stated that the "Anticipated State Date [is] May 30, 2016." (Dkt. No. 1-5 at 11; Dkt. No. 7-1.) The Employment Agreement also stated that The Select Group may terminate Plaintiff "at-will" for any reason and without notice. (*See* Dkt. No. 7-1 at 1.) The same day that Plaintiff signed the Employment Agreement, The Select Group emailed Plaintiff acknowledging that it had hired her. (Dkt. No. 1-5 a 12.) The Select Group hired Plaintiff to work as a consultant to Cisco on a project that Cisco had planned to perform for Wells Fargo. (Dkt. No. 1-5 at 14.)

Within a couple weeks of Plaintiff signing the Employment Agreement, The Select Group and Cisco began the on-boarding process. During that time period, Plaintiff had at least one phone conversation with The Select Group recruiters and Cisco personnel, and she corresponded with them via email on multiple occasions. The email correspondence attached to Plaintiff's Complaint reveals that the on-boarding process became confrontational. And on June

2

1, 2016, The Select Group informed Plaintiff that "we will no longer be representing you to our client, Cicso, for the Wells Fargo PM opportunity effective immediately." (Dkt. No. 1-5 at 44.)

This dispute arose based upon the expectations that Plaintiff had for when she would start working. It appears that she expected to start on May 30, 2016, but The Select Group needed additional time in order to coordinate with Cisco. Additionally, Plaintiff appears to allege that The Select Group improperly calculates hours when a person performs work prior to the official start of a project. (*See* Dkt. No. 1-5 at 36.)

**B. Procedural Background**

On June 10, 2016, Plaintiff filed her Complaint in the Circuit Court of Prince William County, Virginia. (Compl., Dkt. No. 1-1.) Liberally construed, the Complaint alleges breach of contract, negligence, and fraud. (*Id.*) The Complaint also seeks "$500,000 for loss of income" and "$750,000 for punitive damages." (Compl. ¶ 12.) On October 5, 2016, Defendants filed a notice to remove this case from state court to federal court. (Dkt. No. 1.)

On October 10, 2016, Defendants filed a Motion to Dismiss (Dkt. No. 6), which was accompanied by a supporting memorandum (Dkt. No. 7). On October 27, 2016, Plaintiff filed a response to Defendants' Motion to Dismiss, wherein she conceded that (1) her claims all relate to "breach of contract/negligence/fraud issues." (Dkt. No. 11 at 5.) Although Plaintiff's response reiterated facts alleged in the Complaint, the response did not address the legal arguments asserted by Defendants. In accordance with this Court's local rules, on October 31, 2016, Defendants submitted a reply brief. (*See* Dkt. No. 13.)

Plaintiff filed a 44-page "Addendum to Plaintiff's Opposition to Defendants' Motion to Dismiss, etc.," which attempts to assert new claims against Defendants. (Dkt. No. 14.) Plaintiff now appears to allege that, in addition to the three causes of action asserted in her Complaint,

3

Defendants have violated her rights under (1) Virginia Code § 8.01-216.1 (The Virginia Fraud Against Taxpayer's Act); (2) Virginia Code § 40.1-29 (The Virginia Wage Payment Act); and (3) Virginia Code § 40.1-27 (Preventing Employment by Others of Former Employee). Plaintiff's Addendum also alleges that Defendants fraudulently induced her into employment by changing the start date and reducing the $55 hourly rate by $2. (*Id.* at 3.) With the Court's permission, Defendants submitted a response to Plaintiff's Addendum. (Dkt. Nos. 15–17.)

On December 16, 2016, this Court held a hearing to consider Defendants' Motion to Dismiss, along with the various briefs that the parties filed thereto.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citation omitted). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, a court also examines "documents

incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Courts also must construe *pro se* complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, in cases alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Failure to comply with Rule 9(b)'s heightened pleading standard is treated as failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 n.5 (4th Cir. 1999). The Fourth Circuit has stated that Rule 9(b)'s heightened pleading standard for fraud serves to: (1) ensure that defendants have sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) protect defendants from frivolous suits; (3) eliminate fraud actions in which all the facts are learned after discovery; and (4) protect defendants from harm to their goodwill and reputation. *Id.* at 784.

**B. Analysis**

First, the Court denies Plaintiff's request to remand because Defendants properly removed this case to federal court based upon diversity jurisdiction. Second, the Court grants

5

Defendants' Motion to Dismiss Plaintiff's breach of contract, negligence, and fraud claims because Plaintiff has failed to state a plausible claim for relief. Third, the Court declines to consider the newly asserted causes of action in Plaintiff's Addendum because Plaintiff did not assert those causes of action in her Complaint.

### 1. *Plaintiff's Request to Remand*

The Court denies Plaintiff's request to remand this case to state court because diversity jurisdiction exists. Federal district courts have "original jurisdiction" in two types of cases. Based upon *federal* question jurisdiction, district courts may exercise subject matter jurisdiction over civil actions arising under the United States Constitution or federal law. *See* 28 U.S.C. § 1331. Based upon *diversity* jurisdiction, district courts may exercise subject matter jurisdiction when (1) the parties are completely diverse, meaning that none of the plaintiffs shares citizenship with any of the defendants, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. If a federal district court has "original jurisdiction" over a civil action brought in a state court, defendants may remove that action to federal court. *See* 28 U.S.C. § 1441.

Here, Plaintiff filed her civil action in state court. In response to Defendants' Motion to Dismiss, Plaintiff appears to challenge whether this Court has subject matter jurisdiction. (*See* Dkt. No. 11 at 9.) Plaintiff contends that the Court should "deny any requests by Defendants to litigate this case" in federal court because "the complaint is not a matter of Federal labor-mandated conditions and/or issues." (*Id.*) In essence, Plaintiff contends that this Court lacks *federal* question jurisdiction. However, Defendants did not remove this case based upon *federal* question jurisdiction; they removed the case based upon *diversity* jurisdiction.

Defendants' notice of removal indicates that diversity jurisdiction is proper. (Dkt. No. 1.) The first requirement is satisfied because Plaintiff is a citizen of a state that is different from the

state citizenship of all three Defendants. For purposes of subject matter jurisdiction, Plaintiff is a citizen of Virginia, Ms. Barber is a citizen of North Carolina, The Select Group is citizen of Colorado, and Cisco is a citizen of California. (*See id.*) Plaintiff appears to argue that Defendants are also citizens of Virginia because they do business and have offices in Virginia. (*See* Dkt. No.11 at 6.) This argument misconstrues the legal test to determine the citizenship of a party. A limited liability company, such as The Select Group, is assigned the citizenship of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). The Select Group has offered evidence indicating that its sole member is a citizen of Colorado, and therefore the company is a citizen of only that state for purposes of subject matter jurisdiction. (Dkt. Nos. 1, 1-2.) A corporation, such as Cisco, is a citizen of both its state of incorporation and its "principal place of business." *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 289 (4th Cir. 1999) (quoting 28 U.S.C. § 1332(c)(1)). Cisco has offered evidence indicating that California is its place of incorporation and its principal place of business (Dkt. Nos. 1, 1-4); therefore, the other states where it does business and has offices is irrelevant for purposes of subject matter jurisdiction.

The second requirement to invoke jurisdiction is satisfied because the amount in controversy exceeds $75,000. Indeed, Plaintiff's Complaint seeks a total of $1,250,000, exclusive of interest and costs. (Compl. ¶ 12.)

In sum, the Court holds that it may exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and Plaintiff is the citizen of a state that is different from the state citizenship of all three Defendants. The Court therefore denies Plaintiff's request to remand this case to state court.

*2. Defendants' Motion to Dismiss Breach of Contract Claim*

The Court grants Defendants' Motion to Dismiss with respect to the breach of contract claim for two reasons. First, the Employment Agreement states that it is governed by North Carolina law (Dkt. No. 7-1 at 4), and under North Carolina law, there is a presumption that an at-will employee cannot maintain a breach of contract claim against her employer for terminating her employment, *see Kurtzman v. Applied Analytical Indus., Inc.*, 493 S.E.2d 420, 422 (N.C. 1997). Second, to the extent that Plaintiff's breach of contract claim is based upon something other than terminating her employment, the Complaint fails to allege how any of the Defendants violated the terms of the Employment Agreement or another contract.

*3. Defendants' Motion to Dismiss Negligence Claim*

The Court grants Defendants' Motion to Dismiss with respect to the negligence claim. "The essential elements of a negligence claim in Virginia, as elsewhere, are (1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999) (citation omitted). In addition, Virginia's economic loss rule bars parties from recovering in tort "simply by recasting a contract claim as a tort claim." *Hazaimeh v. U.S. Bank Nat. Ass'n*, 94 F. Supp. 3d 741, 747 (E.D. Va. 2015) (internal quotation marks and citations omitted). This rule "is intended to preserve the bedrock principle that contract damages be limited to those 'within the contemplation and control of the parties in framing their agreement.'" *City of Richmond, Va. v. Madison Mgmt. Grp., Inc.*, 918 F.2d 438, 446 (4th Cir. 1990) (quoting *Kamlar Corp. v. Haley*, 299 S.E.2d 514, 517 (Va. 1983)).

Here, Plaintiff's negligence claim fails for two reasons. First, the Complaint fails to allege a legal duty that Defendants had with respect to Plaintiff. The Complaint therefore fails to

allege an essential element of a negligence claim. Second, the economic loss rule bars Plaintiff from recasting her contract claim as a tort claim. Because Plaintiff fails to allege a plausible negligence claim, the Court grants Defendants' Motion to Dismiss that claim.

*4. Defendants' Motion to Dismiss Fraud Claim*

The Court grants Defendants' Motion to Dismiss with respect to the fraud claim. To allege common law fraud in Virginia, a plaintiff must allege four elements: (1) a false representation of a material fact; (2) made intentionally, in the case of actual fraud, or negligently, in the case of constructive fraud; (3) reliance on that false representation to plaintiff's detriment; and (4) resulting damage. *Caperton v. A.T. Massey Coal Co., Inc.*, 740 S.E.2d 1, 9 (Va. 2013); *see also Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014). In addition, Federal Rule of Civil Procedure 9(b) requires a plaintiff to allege fraud with particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing Fed. R. Civ. P. 9(b)).

Here, Plaintiff's fraud claim fails for three reasons. First, the Complaint fails to allege facts that would satisfy the first element of a fraud claim because the Complaint fails to identify any false representation made by a Defendant. Second, the Complaint fails to sufficiently allege the third element because the Complaint fails to explain how Plaintiff relied on a false representation to her detriment. Third, to the extent Plaintiff alleges a Defendant told her the wrong start date, the Complaint fails to plead fraud with the requisite specificity. Because Plaintiff fails to allege a plausible fraud claim, the Court grants Defendants' Motion to Dismiss that claim.

*5. Plaintiff's Addendum Asserting Additional Claims*

Plaintiff's Addendum in opposition to the Motion to Dismiss alleges that (1) Defendants

violated three Virginia labor laws, and (2) that Defendants fraudulently induced her into employment by changing the start date and reducing her $55 hourly rate by $2. (Dkt. No. 14 at 1–3.). To the extent Plaintiff's Addendum asserts new causes of action that Plaintiff did not allege in the Complaint, the Court declines to consider those new legal theories in response to Defendants' Motion to Dismiss. *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 (E.D. Va. 2004) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) ("The court may not consider additional allegations when ruling on a motion to dismiss and must consider the facts asserted in the complaint, and the attached exhibits, to be true.").

### III. CONCLUSION

The Court holds that it may exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and Plaintiff is the citizen of a state that is different from the state citizenship of all three Defendants. The Court GRANTS Defendants' Motion to Dismiss the claims asserted in Plaintiff's Complaint because, pursuant to Rule 12(b)(6), Plaintiff fails to allege a plausible claim for relief.

Accordingly, **IT IS HEREBY ORDERED** that Defendants The Select Group, LLC, Kimberly Barber, and Cisco Systems, Inc.'s Motion to Dismiss (Dkt. No. 6) is **GRANTED**, and that the Complaint is **DISSMISSED WITH PREJUDICE** because amending the Complaint would be futile.

**IT IS SO ORDERED.**

ENTERED this 16 day of December, 2016.

Alexandria, Virginia

12/16/2016

/s/
Gerald Bruce Lee
United States District Judge